**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARCILLA NICOLE CULTRERA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-117-RAW |
| ) | |
| **THE OKLAHOMA DEPARTMENT OF** ) | |
| **CORRECTIONS, et al.**, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the court is the motion of defendant Okmulgee County Criminal Justice Authority ("OCCJA") to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) F.R.Cv.P. This lawsuit commenced in the District Court for Okmulgee County. The case was removed to this court by defendants on April 17, 2018. Plaintiff filed an amended complaint (#15) on April 30, 2018. The only claim brought against OCCJA is the third cause of action for retaliation in violation of 42 U.S.C. §2000e-3(a).

Under Rule 12(b)(6), the court must assume the truth of plaintiff's well-pleaded facts and draw all reasonable inferences from them in the light most favorable to plaintiff. *Western Watershed Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir.2017). To overcome a motion to dismiss, a complaint must plead facts sufficient to state a claim to relief that is plausible on its face. *Sylvia v. Wisler,* 875 F.3d 1307, 1313 (10th Cir.2017). A claim is facially plausible if the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The degree

of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) F.R.Cv.P. depends on the type of case. *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir.2008). While the Rule 12(b)(6) standard does not require that the plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether plaintiff has set forth a plausible claim. *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir.2012).

Plaintiff alleges that in 2014 she sued defendants Oklahoma Department of Corrections ("ODOC") and Kelly West for sexual harassment and hostile work environment, as well as claims arising under 42 U.S.C. §1983, for conduct at the ODOC's Jess Dunn Correctional Facility in Taft, Oklahoma (Case No. 14-CV-167-SPS in the United States District Court for the Eastern District of Oklahoma). The parties entered into a confidential settlement agreement on November 4, 2016 and the lawsuit was dismissed by stipulation on December 6, 2016.

Meanwhile, plaintiff began employment with OCCJA on or about November 6, 2016. Defendant West was at the OCCJA jail facility in Oklmulgee, Oklahoma, checking on ODOC inmates when he ran into plaintiff. On December 9, 2016, (i.e., three days after plaintiff's 2014 lawsuit was dismissed with prejudice) OCCJA Deputy Warden Spears terminated plaintiff's employment "for the good of the service." When asked if the termination was because of "Jess Dunn," OCCJA Sergeant Shawnda Pruitt nodded affirmatively.

Absent direct evidence of retaliation, a plaintiff's claim of retaliation under Title VII

is subject to the *McDonnell Douglas* burden-shifting framework.  To make out a prima facie case, a plaintiff must demonstrate that (1) she engaged in protected opposition to discrimination; (2) a reasonable employee would have found her employer's subsequent action to be materially adverse; and (3) a causal connection exists between her protected activity and the employer's action.  *Salemi v. Colo. Employees' Retirement Assoc.,* 2018 WL 3954221, *15 (10th Cir.2018).

Here, plaintiff <u>has</u> alleged direct evidence of retaliation.  She alleges that Pruitt nodded "yes" in front of Assistant Warden Gauddall and Deputy Warden Spears in response to the question if plaintiff was being terminated because of "Jess Dunn," (i.e., her previous lawsuit).  *See* Amended Complaint (#15 at ¶25).  Even absent such an allegation of direct evidence, the court finds plaintiff has actually exceeded the pleading requirements described in *Khalik*, by sufficiently alleging a prima facie case of retaliation.

It is the order of the court that the motion to dismiss of defendant Okmulgee County Criminal Justice Authority (#22) is hereby denied.

**IT IS SO ORDERED** this 7th day of SEPTEMBER, 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma