# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARCILLA NICOLE CULTRERA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-117-RAW |
| ) | |
| **THE OKLAHOMA DEPARTMENT OF** ) | |
| **CORRECTIONS, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the motion of defendant Kelly West to dismiss the amended complaint pursuant to Rule 12(b)(6) F.R.Cv.P. This lawsuit commenced in the District Court for Okmulgee County. The case was removed to this court by defendants on April 17, 2018. Plaintiff filed an amended complaint (#15) on April 30, 2018. The remaining claims brought against West are the fourth cause of action for intentional infliction of emotional distress ("IIED") and the fifth cause of action for blacklisting in violation of 40 O.S. §172 (for which a right of action is provided by 40 O.S. §173), both state-law claims.[*]

Under Rule 12(b)(6), the court must assume the truth of plaintiff's well-pleaded facts and draw all reasonable inferences from them in the light most favorable to plaintiff. *Western Watershed Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir.2017). To overcome a motion to dismiss, a complaint must plead facts sufficient to state a claim to relief that is

---

[*]West was also named in the second cause of action under 42 U.S.C. §1983, but that claim has been dismissed (#30).

plausible on its face. *Sylvia v. Wisler,* 875 F.3d 1307, 1313 (10th Cir.2017). A claim is facially plausible if the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) F.R.Cv.P. depends on the type of case. *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir.2008). While the Rule 12(b)(6) standard does not require that the plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether plaintiff has set forth a plausible claim. *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir.2012).

Plaintiff alleges that in 2014 she sued defendants Oklahoma Department of Corrections ("ODOC") and Kelly West for sexual harassment and hostile work environment, as well as claims arising under 42 U.S.C. §1983, for conduct at the ODOC's Jess Dunn Correctional Facility in Taft, Oklahoma (Case No. 14-CV-167-SPS in the United States District Court for the Eastern District of Oklahoma). The parties entered into a confidential settlement agreement on November 4, 2016 and the lawsuit was dismissed by stipulation on December 6, 2016.

Meanwhile, plaintiff began employment with OCCJA on or about November 6, 2016. Defendant West was at the OCCJA jail facility in Oklmulgee, Oklahoma, checking on ODOC inmates when he ran into plaintiff. On December 9, 2016, (i.e., three days after plaintiff's 2014 lawsuit was dismissed with prejudice) OCCJA Deputy Warden Spears terminated plaintiff's employment "for the good of the service." When asked if the

2

termination was because of "Jess Dunn," OCCJA Sergeant Shawnda Pruitt nodded affirmatively.

The court concludes plaintiff has failed to allege a plausible claim for IIED. To assert a claim, the plaintiff must allege facts that plausibly allege that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Avington v. Indian Health Care Resource Center of Tulsa,* 2017 WL 2369381, *4 (N.D.Okla.2017). Plaintiff does allege these four elements, but in conclusory fashion.

Under Oklahoma law, the alleged conduct must be "so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Breeden v. League Servs. Corp.,* 575 P.2d 1374, 1376 (Okla.1978). Here, the specific allegations are that West made it "virtually impossible" for plaintiff to find employment in the law enforcement field. The court does not approve of such conduct (if proven) but it does not appear to state a plausible claim. "Oklahoma courts have routinely held that Title VII and other employment-related claims generally do not rise to the level of outrageous conduct necessary to support a claim of intentional infliction of emotional distress." *Stewart v. Physicians Support Services, Inc.,* 2017 WL 4274711, *7 (N.D.Okla.2017). The court is not persuaded the allegations here allege sufficient severity to depart from this principle.

Plaintiff correctly notes that the trial court is charged with acting as gatekeeper in

regard to an IIED claim. Plaintiff asserts this function is typically exercised at the summary judgment stage, but cites no authority for this position. District courts have granted motions to dismiss as to IIED claims. *See. e.g., Boggs v. Cedar Creek, LLC,* 2017 WL 500018 (W.D.Okla.2017); *Davis v. Conley Corp.,* 2017 WL 2454318 (N.D.Okla.2017). This court is persuaded dismissal is appropriate in the case at bar.

As to plaintiff's claim for blacklisting, defendant first argues that if the claim is made against him in his official capacity, dismissal is appropriate for failure to comply with the Oklahoma Governmental Tort Claims Act. Plaintiff responds that the claim is made against defendant in his individual capacity (#28 at 6). Defendant next argues that even an individual-capacity claim must be dismissed because West was never plaintiff's employer. Plaintiff correctly responds that 40 O.S. §172 allows claim for blacklisting against "individuals," and that the definition of employer provided in 40 O.S. §165.1(1) is limited to 40 O.S. §165.1 though §165.11.

This does not, in the court's view, fully address the governing statutory language. Plaintiff has plausibly alleged (#15 at ¶62) that West committed the act prohibited by the statute, i.e., effectively placing plaintiff on "[a] list of persons marked out for special avoidance, antagonism, or enmity on the part of those who prepare the list or those among whom it is intended to circulate." *Nichols v. Pray, Walker, Jackman, Williamson & Marler,* 144 P.3d 907, 911 (Okla.Civ.App.2006). The statute does not, however, provide a free-floating claim against anyone who performs that act. Rather, the pertinent statutes "forbid the blacklisting of an employee by an employer." *Turner v. A. Passmore & Sons, Inc.,* 2006

WL 8436121, *1 (W.D.Okla.2006). This is made clear by the language that "No . . . individual shall blacklist . . . any employee . . . discharged from or voluntarily leaving the service of such . . . individual." 40 O.S. §172. The word "service" rather than the word "employ" is used, but this does not support a different result. There must at some point have been an employer-employee relationship. West was never plaintiff's employer. Therefore, the blacklisting claim fails as well.

It is the order of the court that the motion to dismiss of defendant Kelly West (#19) is hereby granted. Kelly West is dismissed as a defendant.

**IT IS SO ORDERED** this 7th day of SEPTEMBER, 2018.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma